

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Joe P. Flack
County Attorney
Menard County
Menard, Texas

Dear Sir:

Opinion No. O-7521

Re: Authority of the Commissioners'
Court to accept additional
money to pay the salary of a
county home demonstration agent
for Menard County.

I quote from your letter of November 24, 1946, requesting
an opinion of this department:

"The clubwomen of Menard and I think, also, the
Commissioners Court want to employ a county home
demonstration agent for Menard County. The Extension
service seem to think that they can not secure a com-
petent agent for a salary of less than $2500.00 and
the Extension Service, in a letter written by Mrs.
Myrtle D. Negy, District Agent at College Station, Texas,
states that the Extension Service would pay $1450.00,
Menard County to pay $900.00, and the ladies of the
clubs or some organization in Menard County, would pay
an additional $150.00, to apply on said salary, making
in all $2500.00. Now the question that I would like
for you to answer is: would the Commissioners Court have
the authority to receive the $150.00 and apply it to the
$900.00 and it seems that the Commissioners Court ques-
tions their right to accept the $150.00, as their budget
only calls for $900.00 for this salary.

"Now the question is, again, could the Commissioners
Court accept the $150.00 and the amount would be $1050.00·
to be disbursed by the Commissioners Court and, I believe,
would be paid to the Extension Service."

Article 164, Revised Civil Statutes of 1925, as amended,
provides:

"The Commissioners' Court of any county in this
State is authorized to establish and conduct cooperative

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Joe P. Flack - Page 2

demonstration work in agriculture and home economics in cooperation with the Agricultural and Mechanical College of Texas, upon such terms and conditions as may be agreed upon by the Commissioners' Court and the agents of the Agricultural and Mechanical College of Texas; and may employ such means, and may appropriate and expend such sums of money as may be necessary to effectively establish and carry on such demonstration work in agricultural and home economics in their respective counties."

Under the Texas Constitution, Article XI, counties are municipal corporations and political subdivisions of the State. City of Abilene vs. State, 113 S.W. (2nd) 631, error dismissed.

If the sum contributed by the clubwomen of Menard County plus the salary of the county home demonstration agent is to be treated as a gift or donation by the Commissioners' Court, it is our opinion that the law is well settled that municipal corporations may receive bequests, gifts and donations of all kinds of property. McQuillin, Municipal Corporations, Revised Edition, Sec. 1221.

Under their general powers "to acquire and hold property", it has been held that a municipal corporation may accept a gift of money from the United States government. Iowa-Southern Utilities Company vs. Lamoni, 11 Fed. Sup. 581.

In the case of State Ex Rel Melrose Sewer District vs. Smith, 120 S.W. (2nd) 1102, it was held that a sewer district could accept donations such as federal grants which would enable them to construct a system costing more than its debt limit.

It is our opinion that it would not be improper for the Commissioners' Court to accept the contributions or donations from private individuals to be applied to the salary of a county home demonstration agent pursuant to an agreement entered into with the Extension Division of the Agricultural and Mechanical College of Texas.

However, all expenditure of county funds by the Commissioners' Court is governed by the budget law as set forth in Article 69a-11, V.A.C.S., which provides in part as follows:

Hon. Joe P. Flack - Page 3

"When the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court, shall be filed with the Clerk of the County Court, and taxes levied only in accordance therewith and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. Except that emergency expenditures, in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonably diligent thought and attention, have been included in the original budget, may from time to time be authorized by the Court as amendments to the original budget."

We suggest the proper way to handle the proposed donation is to have the donors tender the same to the Commissioners' Court for the sole purpose of supplementing the county's appropriation for paying the salary of the home demonstration agent. If the Court accepts the donation, proper entry of the proposal and acceptance should be made in the minutes of the Court. The amount of the donation, $150.00, becomes a trust fund and the county becomes the trustee to expend the fund in accordance with the trust agreement. The money should be deposited in the county treasury to the credit of a fund which may be denominated "Salary Fund of Home Demonstration Agent." The County Treasurer should deposit the money in the County Depository to the credit of the same fund. Each month in payment of the agent's salary, the Court may order $75.00 to be paid out of the general fund and $12.50 out of the trust fund, a total of $87.50, the amount contributed to the agent's salary each month.

Since the amount donated is not derived from taxes, if the plan suggested is followed, the expenditure by the county of the $900.00 for part payment of the agent's salary will be in strict compliance with the budget and the law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _William B. Henley, Jr._
William B. Henley, Jr.
Assistant

APPROVED DEC 9 1946

_[signature]_
ATTORNEY GENERAL OF TEXAS

WBH:djm